1  *Name:* JASON PAUL LEGARE

2  *Address:* CVSP  B5-6-2L

3  P.O. BOX 2349    BLYTHE, CA. 92226

4  *Phone:* _____

5  Plaintiff In Pro Per

6

FILED
CLERK, U.S. DISTRICT COURT
APR 28 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

7            **UNITED STATES DISTRICT COURT**

8            **CENTRAL DISTRICT OF CALIFORNIA**

9

10  JASON PAUL LEGARE          ,     )   **Case No.:** EDCV15-00833 JVS(VBK)
                                        (To be supplied by the Clerk)
11            **PLAINTIFF,**           )   **COMPLAINT FOR:**
12            **vs.**                  )   CIVIL RIGHTS COMPLAIN
13  J. MICHAEL LEE, Chief Medical  )
14  Officer & M.D., & JOHN F. KENNEDY )  42 U.S.C. § 1983  & California
15  MEMORIAL HOSPITAL, Dr. S. MURAKONDA, )  Torts Claim Act  (Govt.Code 810 et
16  M.D., S. RODRIGUEZ, R.N., N. HART, )  seq.)
17  R.N., M. KALIAN, RN., M. KURTZMAN, )
    R.N., et al.  (See attached Complaint) )  **Jury Trial Demanded**
18            **DEFENDANT(S).**        )

19  ─────────────────────────────────

20

21          **I. JURISDICTION**

22   1. This Court has jurisdiction under  28 U.S.C. §1331 & 1343 (a)(3)

23  _____

24  _____

25  _____

26  _____

27  _____

28  _____

RECEIVED
CLERK, U.S. DISTRICT COURT
APR 27 2015
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

─1─

## II. VENUE

2.  Venue is proper pursuant to §1391(b)(2) as the events occurred in Riverside County in the State of California.

## III. PARTIES

3.   Plaintiff's name is JASON PAUL LEGARE . Plaintiff resides at: CHUCKAWALLA STATE PRISON AT BLYTHE, CALIFORNIA

4.  Defendant SEE ATTACHED COMPLAINT

5.  Defendant SEE ATTACHED COMPLAINT

Pro Se Clinic Form

1    ___.  Defendant ___see attached complaint_____

2    *Insert ¶ #*

3    _____

4    _____

5    _____

6    _____

7

8    ___.  Defendant ___SEE ATTACHED COMPLAINT_____

9    *Insert ¶ #*

10   _____

11   _____

12   _____

13   _____

14

15   ___.  Defendant ___SEE ATTACHED COMPLAINT_____

16   *Insert ¶ #*

17   _____

18   _____

19   _____

20   _____

21

22   ___.  Defendant ___SEE ATTACHED COMPLAINT_____

23   *Insert ¶ #*

24   _____

25   _____

26   _____

27   _____

28

-3-

Pro Se Clinic Form                          *Page Number*

| | |
|---|---|
| 1 | |

## IV. <u>STATEMENT OF FACTS</u>

SEE ATTACHED COMPLAINT (TO LENGTHY FOR SPACE)

*Insert ¶ #*   PP. 7 through 12

## FIRST CAUSE OF ACTION

*Insert ¶ #*
VIOLATION OF PRISONER'S EIGHTEENTH AND FOURTEENTH AMENDMENTS FOR

DELIBERATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS

(SEE ATTACHED COMPLAINT TOO LENGTHY TO RECITE)

pp. 12- through 14

## SECOND CAUSE OF ACTION

*Insert ¶ #*
VIOLATION OF CALIFORNIA STATE TORTS CLAIMS ACT FOR MEDICAL NEGLIGENCE

GROSS NEGLIGENCE AND MEDICAL MALPRATICE

(SEE ATTACHED COMPLAINT TOO LENGTHY TO RECITE)

pp. 14 through 16

-4-

Pro Se Clinic Form                    *Page Number*

1

# VI. REQUEST FOR RELIEF

2

3

4    WHEREFORE, the Plaintiff requests:

5

6    _____ DECLARATORY RELIEF;
   *Insert ¶ #*

7    COMPENSATORY DAMAGES ACCORDING TO PROOF;

8    PUNITIVE AND EXEMPLARY DAMAGES ACCORDING TO PROOF;

9    COST OF SUIT & ANY OTHER RELIEF THE COURT DEEMS NECESSARY

10

11

12    *Insert ¶ #*

13

14

15

16

17    *Insert ¶ #*

18

19

20

21

22    *Insert ¶ #*

23

24

25

26

27

28

1

## VII. <u>DEMAND FOR JURY TRIAL</u>

2

3

4      Plaintiff hereby requests a jury trial on all issues raised in this complaint.

5

6

7                              Dated:   _3 · 30 · 15_____

8

9

10                             Sign: _____

11                             Print Name: _____

12                                      Plaintiff in pro per

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JASON PAUL LEGARE
H-56058    B5-6-2L
CHUCKAWALLA STATE PRISON
P.O. BOX 2349
BLYTHE, CALIFORNIA 92226


In Pro-Se




IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA


| | |
|---|---|
| JASON PAUL LEGARE,<br><br>          Plaintiff,<br><br>     vs.<br><br>J. MICHAEL LEE, Chief<br>Medical Officer & M.D.,<br>Dr. SAMUEL S. LEE, M.D.,<br>& JOHN F. KENNEDY<br>MEMORIAL HOSPITAL, Dr.<br>S.MURAKONDA, M.D., S.<br>RODRIGUEZ, Registered<br>Nurse III, N.. HART,<br>Registered Nurse II, M.<br>KALIAN, Registered Nurse,<br>M. KURTZMAN, Registered<br>Nurse, Y. SOTO, Registered<br>Nurse, D. CAPP, Licensed<br>Registered Nurse, R.ROSAS,<br>Licensed Registered Nurse,<br>K. KUNDA, Correctional<br>Officer.<br>          Defendants. | CASE NO.<br><br>CIVIL RIGHTS COMPLAINT<br>42 U.S.C. §1983<br><br>California Torts Claim Act<br>(Govt. Code §810 et seq.<br><br>(Concurrent Jurisdiction)<br><br>**DEMAND FOR TRIAL** |

## I.   NATURE OF ACTION

1.   This is a civil rights action authorized by 42 U.S.C. §1983

filed by Plaintiff JASON PAUL LEGARE, a state prisoner, to

redress the deprivation, under the color of state law, of rights

-1-

1  secured by the Constitution of the United States and State

2  torts (Govt.Code 810 et seq.).  The court has jurisdiction

3  under 28 U.S.C. §1331 & 1343 (a)(3).  Plaintiff alleges a

4  violation of his constitutional rights to receive proper

5  medical care.  Plaintiff seeks money damages and declaratory

6  relief pursuant to 28 U.S.C. §§2210 and 2202 as well as the

7  California torts act. (Govt. Code §810 et seq.)

8  2.  The Central District of California is an appropriate venue

9  under §1391 (b)(2), because the events giving rise to

10  plaintiff's claims occurred in Riverside County in the State

11  of California.

12                              II.

13                            Plaintiff

14  3.  Plaintiff, JASON PAUL LEGARE, is and was at all times

15  mentioned herein a prisoner of the State of California in the

16  custody of the California Department of Corrections &

17  Rehabilitation (CDCR).  Plaintiff is currently confined in

18  Chuckawalla State Prison (CVSP) in Blythe, California.

19                              III.

20                           Defendants

21  4.  Defendant J. MICHAEL LEE, Chief Medical Officer, is and at

22  all times relevant to this action the chief Medical Officer and

23  Health Care Manager at CVSP where the events giving rise to

24  this action occurred.  Defendant J. MICHAEL LEE, is responsible

25  for training and supervising the provision of adequate medical

26  care for prisoners at CVSP.  Defendant J. MICHAEL LEE, has a

27  duty to ensure inmates at CVSP recieve proper medical care.

28                              -2-

1  Defendant J. MICHAEL LEE knew or should have known that

2  defendant Nurses S. RODRIGUEZ, N. HART, M. KALIAN, M. KURTZMAN,

3  D. CAPP, and R. ROSAS, as well as defendant Dr. MURAKONDA were

4  unfit or incompetent which created a risk to plaintiff.  At all

5  times mentioned defendant J. MICHAEL LEE was acting under the

6  color of state law in the course and scope of his employment

7  and is sued in his official and individual capacities.

8  5.  Defendant Dr. SAMUEL S. LEE, is a private doctor employed

9  by Defendant JOHN F. KENNEDY MEMORIAL HOSPITAL and under

10  contract with CDCR to provide medical care and services to

11  inmates confined with CDCR including JASON PAUL LEGARE.

12  Defendant SAMUEL S. LEE has the duty to provide adequate

13  medical care for prisoners at CVSP.  At all times mentioned

14  defendant  SAMUEL S. LEE was acting under the color of state

15  law in the course and scope of his employment, and is sued in

16  his individual capacity.

17  6.  Defendant JOHN F. KENNEDY MEMORIAL HOSPITAL is a private

18  hospital under contract with CDCR to provide medical care and

19  services to inmates confined with CDCR including JASON  PAUL

20  LEGARE and employs defendant Dr. SAMUEL S. LEE.  Defendant

21  JOHN F. KENNEDY MEMORIAL HOSPITAL has the duty to provide

22  adequate medical care for prisoners at CVSP.  Defendant JOHN

23  F. KENNEDY knew or should have known that defendant SAMUEL S.

24  LEE was unfit or incompetent which created a risk to plaintiff

25  and others.  As a result of defendant SAMUEL S. LEE's

26  incompetence plaintiff was harmed.  Defendant JOHN F. KENNEDY

27  MEMORIAL HOSPITAL was acting under the color of state law in

28

-3-

the course and scope of his employment and is sued in their individual capacities.

7. Defendant Dr. S. MURAKONDA is and at all times relevant to this action is a Doctor at CVSP and is responsible and has a duty to adequately provide medical care for prisoners at CVSP where the events giving rise to this action occurred. At all times mentioned defendant S. MURAKONDA was acting under the color of state law in the course and scope of her employment and is sued in her official and individual capacities.

8. Defendant Supervising Registered Nurse III S. RODRIGUEZ, is and at all times relevant to this action the supervising registered nurse at CVSP where the events giving rise to this action occurred. Defendant S. RODRIGUEZ, has the duty and is responsible for supervising and training of all nurses at CVSP in order to provide adequate medical care for prisoners at CVSP. Defendant S. RODRIGUEZ knew or should have known that defendant nurses N. HART, M. KALIAN, M. KURTZMAN, Y. SOTO, D. CAPP, and R. ROSAS were unfit or incompetent which created a risk to plaintiff JASON PAUL LEGARE. As a result, defendant S. RODRIGUEZ' incompetence plaintiff was harmed. At all times mentioned defendant RODRIGUEZ was acting under the color of state law in the course and scope of her employment and is sued in her official and individual capacities.

9. Defendant Supervising Registered Nurse II N. HART, is and at all times relevant to this action the supervising registered nurse at CVSP where the events giving rise to this action occurred. Defendant HART is responsible for supervising and

COURT PAPER
STATE OF CALIFORNIA

1  training of all nurses at CVSP in order to provide adequate

2  medical care for prisoners at CVSP. Defendant HART knew or

3  should have known that defendant nurses M. KALIAN, M. KURTZMAN,

4  Y. SOTO, D. CAPP, and R. ROSAS were unfit or incompetent which

5  created a risk to plaintiff JASON PAUL LEGARE. As a result,

6  defendant N. HART's incompetence plaintiff was harmed. At all

7  times mentioned defendant HART was acting under the color of

8  state law in the course and scope of her employment and is sued

9  in her official and individual capacities.

10  10.  Defendant Registered Nurse M. KALIAN, is and at all times

11  relevant to this action a registered nurse at CVSP where the

12  events giving rise to this action occurred. Defendant M.

13  KALIAN is responsible and has the duty to provide adequate

14  medical care for prisoners at CVSP. At all times mentioned

15  defendant KALIAN was acting under the color of state law in the

16  course and scope of her employment and is sued in her official

17  and individual capacities.

18  11.  Defendant Registered Nurse M. KURTZMAN, is and at all

19  times relevant to this action a registered nurse at CVSP where

20  the events giving rise to this action occurred. Defendant M.

21  KURTZMAN is responsible and has the duty to provide adequate

22  medical care for prisoners at CVSP. At all times mentioned

23  defendant KURTZMAN was acting under the color of state law in

24  the course and scope of her employment and is sued in her

25  official and individual capacities.

26  12.  Defendant Registered Nurse Y. SOTO, is and at all times

27  relevant to this action a registered nurse at CVSP where the

28

-5-

events giving rise to this action occurred.  Defendant Y. SOTO has the duty to provide adequate medical care for prisoners at CVSP.  At all times mentioned defendant SOTO was acting under the color of state law in the course and scope of her employment and is sued in her official and individual capacities.

13.  Defendant Licensed Vocational Nurse R. ROSAS is and at all times relevant to this action a Licensed Vocational Nurse at CVSP where the event giving rise to this action occurred. Defendant ROSAS is responsible and has the duty to provide adequate medical care for prisoners at CVSP.  At all times mentioned defendant ROSAS was acting under the color of state law in the course and scope of her employment and is sued in her official and individual capacities.

14.  Defendant Licensed Vocational Nurse D. CAPP is and at all times relevant to this action a Licensed Vocational Nurse at CVSP where the event giving rise to this action occurred. Defendant CAPP is responsible and has the duty to provide adequate medical care for prisoners at CVSP.  At all times mentioned defendant CAPP was acting under the color of state law in the course and scope of her employment and is sued in her official and individual capacities.

15.  Defendant Correctional Officer K. KUNDA, is and at all times relevant herein employed by the CDCR as a correctional officer at CVSP where the events giving rise to this action occurred.  Plaintiff is informed and believes, and thereon alleges, that defendant KUNDA is a properly trained

-6-

1  correctional officer who is responsible for the safety and

2  security and over-all well being of all inmates at CVSP.  At

3  all times mentioned defendant KUNDA was acting under the color

4  of state law in the course and scope of his employment.

IV.

FACTS

7  16.  Plaintiff, JASON LEGARE, is a prisoner at the CVSP who

8  arrived on July 15, 2014, from Richard J. Donovan State Prison.

9  Plaintiff suffered from acute left hydrocele. (Grossley

10 enlarged left testicle.)  This symptom was likely due to

11 complications from a surgery plaintiff underwent for a left

12 varicocele repair and epididymal cyst surgery in 2007.

13 17.  On September 10, 2014, plaintiff underwent a left

14 hydroceletomy with scrotal exploration at John F. Kennedy

15 Memorial Hospital at Sondona Surgery Center.  The procedure was

16 performed without a glitch by defendant Doctor SAMUEL S. LEE,

17 M.D..  An eight (8) inch plus penrose drain was stitched in

18 place to the scrotum for drainage.  Dr. LEE forwarded post-op

19 instructions to medical staff at CVSP for the removal of the

20 penrose drain for the following day.  Defendant SAMUEL LEE did

21 not instruct the institution as to post-op dressing changes to

22 surgical area.

23 18.  Immediately upon arriving back to the institution,

24 plaintiff found the surgical area was blood soaked.  Plaintiff

25 reported to the facility clinic and informed defendant R.N. Y.

26 SOTO that he was bleeding excessively in the surgical area and

27 requested a dressing change.  Defendant SOTO refused to change

28

-7.-

COURT PAPER
STATE OF CALIFORNIA

1   the dressing or even supply plaintiff with gauze.  Plaintiff

2   found it very difficult to walk in his condition but was

3   refused a wheelchair and was forced to walk in his condition.

4   19.   The following morning at approximately 0730 hours on

5   September 11, 2014, plaintiff reported to the facility clinic

6   and informed defendants ROSAS and KALIAN that he was

7   experiencing excessive bleeding and that the post-op

8   instructions was for the penrose drain to be removed on that

9   date.   Both defendants ROSAS and KALIAN refused to examine

10  plaintiff but provided a small amount of gauze and told to go

11  back to his bed and wait after making comments such as , "I'm

12  not touching them" among other things.

13  20.   The same day at 10:30 A.M. the bleeding had soaked through

14  the gauze, scrotal support and plaintiff's boxers.  Plaintiff

15  notified custody staff who immediately sent plaintiff to the

16  facility clinic.  Plaintiff was examined by defendants KALIAN

17  and MURAKONDA in the surgical area and was told that the

18  penrose drain was not intact.  Plaintiff disagreed and stated

19  he could feel it and must be there and requested they remove

20  it.  Defendants MURAKONDA and KALIAN were adamant it was not

21  there, refused to change the dressing, and handed plaintiff

22  some gauze and sent him away.  Plaintiff was forced again to

23  try and clean the surgical area without anti-bacterial soap and

24  change the dressing himself without the ability to see the

25  area.

26  21.   The following day, on September 12, 2014, a lump began

27  developing with pain.  Plaintiff reported to the facility

28

-8-

COURT PAPER
STATE OF CALIFORNIA

1  clinic to complain of the development and was refused entry to
2  talk to any medical staff by defendant correctional officer K.
3  KUNDA by stating, "they were busy, deal with it yourself."
4  22. On September 15, 2014, the pain became acute and plaintiff
5  again reported to the facility clinic and was seen by
6  defendants MURAKONDA and ROSAS and plaintiff reported acute
7  pain and lump in surgical area. Defendants MURAKONDA and ROSAS
8  refused to examine plaintiff and was sent away.
9  23. On September 17, 2014, plaintiff was still suffering from
10  acute pain in the surgical area and reported to the facility
11  clinic and was refused an examination by defendant ROSAS and
12  again acting as a "gatekeeper" when plaintiff requested to see
13  the doctor, was told by defendant KUNDA, "to leave the clinic
14  area."
15  24. Plaintiff placed a Medical request form (CDCR 7362) in the
16  medical box in front of the facility clinic on September 21,
17  2014. Plaintiff is now suffering acute pain in surgical area
18  where by now certainly is infected. Plaintiff suffered
19  headaches, lack of sleep, and emotional distress.
20  25. On September 24, 2014, plaintiff was finally examined by
21  defendants MURAKONDA and D. CAPP and again was told, "it's all
22  normal." Plaintiff informed defendant MURAKONDA and CAPP of
23  the "lump and pain" and "probable infection" but again was told
24  to leave the clinic area.
25  26. Plaintiff continues to suffer from pain in the surgical
26  area, headaches, lack of sleep, and emotional distress.
27  Finally, on October 9, 2014 plaintiff was seen by Defendant
28

-9-

1  SAMUEL LEE by "telemeds" where plaintiff explained of his
2  experience and an ultrasound was ordered.
3  27.  On October 15, 2014, plaintiff reported to the facility
4  clinic and was seen by defendant MURAKONDA and again pointed
5  out the obvious lump and infection in the surgical area and
6  complained of acute pain.  Defendant MURAKONDA refused to
7  examine the scrotum.
8  28.  On October 17, 2014, the results of the ultrasound on
9  plaintiff's scrotum was completed and the penrose drain was
10 clearly visible through the skin.  A protective skin had grown
11 around the drain because of the excessive time lapse. As a
12 result, another surgery would have to be performed to remove
13 the drain which necessitates the cutting of plaintiff's
14 scrotum.
15 29.  As a result of the deliberate indifference of defendants
16 and all defendants in refusing to properly treat plaintiff with
17 adequate medical care, plaintiff suffered an infection in his
18 scrotum, pain and suffering, headaches, loss of sleep and
19 emotional distress.  Plaintiff had to endure an additional
20 surgery to remove the penrose drain causing additional pain and
21 suffering.
22 30.  On October 30, 2014, surgery was performed by defendant
23 SAMUEL LEE removing an eight to ten (8-10") inch penrose from
24 plaintiff's scrotum.  Defendant LEE stated, he has done
25 thousands of these procedures and never has seen this and that
26 "after care should not have to be spelled out."  As a result
27 of the second surgery, plaintiff suffered more swelling of the

-10-

1    scrotum causing pain, headaches, loss of sleep, and emotional

2    distress.  Plaintiff was again refused a wheelchair and was

3    forced to walk with an extremely swollen scrotum for several

4    days post operation.

5    31.  There was an inexcusable practice of deliberate

6    indifference by defendants' SOTO, MURAKONDA, ROSAS, KALIAN,

7    KURTZMAN and CAPP by improperly refusing to treat plaintiff

8    with post-op dressing changes and ignoring plaintiff's

9    complaints of pain and insistence that the penrose drain was

10   still intact.  The "gatekeeping" by defendant KUNDA was

11   deliberate indifference to plaintiff's serious medical needs.

12   The deliberate indifference of defendants caused an infection

13   of the scrotum and a protective skin to grow around the penrose

14   drain due to the extensive amount of time it took from the

15   initial surgery to the ultrasound and ultimately to the second

16   surgery.

17   32.  As the Chief Medical Officer at CVSP Doctor J. MICHAEL LEE

18   failed to ensure that plaintiff receive adequate medical

19   treatment and failed to adequately supervise and train staff

20   and put in place in procedures so that plaintiff would receive

21   medically appropriate care  As the Supervising Registered Nurse

22   III, S. RODRIGUEZ, failed to ensure that plaintiff received

23   adequate post-op treatment and failed to adequately supervise

24   and train defendant Registered Nurses and Licensed Vocation

25   Nurses, KALIAN, KURTZMAN, SOTO, ROSAS, CAPP and HART.  As the

26   Supervising Nurse II, N. HART failed to ensure that plaintiff

27   receive adequate post-op treatment and failed to adequately

28

COURT PAPER
STATE OF CALIFORNIA

1  supervise and train said nurses.

2  33.  Plaintiff presented his state claim to the Victim

3  Compensation and Government Claims Board within 180 days and

4  complied with the applicable claims statutes within the Govt.

5  Claims Act of Govt. Code §900 et seq.

6  34.  Plaintiff exhausted his administrative remedies by

7  obtaining a decision at the third level decision and was

8  diligent in filing this complaint thereafter.

9  <u>FIRST CLAIM FOR RELIEF</u>

10  (§1983)

11  Violation Of Prisoner's Eighth And Fourteenth

12  Amendments For Deliberate Indifference To

13  His Serious Medical Needs

14  35.  Plaintiff realleges and incorporates by reference each

15  allegation of paragraphs 1 through 32, inclusive, as if alleged

16  herein.

17  36.  Defendant K. KUNDA violated plaintiff's Eighth and

18  Fourteenth Amendment rights to the U.S. Constitution to be

19  protected from cruel and unusual punishment by "gatekeeping"

20  at the facility medical clinic preventing plaintiff access to

21  medical care which caused, in part, the penrose drain to infect

22  plaintiff's scrotum resulting in pain and suffering as

23  described in paragraphs 1 through 32 and an uneccessary second

24  procedure to the penrose drain.  Defendant KUNDA acted under

25  color of state law and knew or should have known that his

26  conduct created an unreasonable risk of harm to plaintiff.  As

27  a direct and foreseeable result of KUNDA'a violations of

28  -12-

1  plaintiff's constitutional rights, plaintiff suffered pain,

2  headaches, loss of sleep, and emotional distress. Defendant's

3  KUNDA's acts were willful, intentional, wanton and in conscious

4  disregard of plaintiff's rights as described in paragraphs 21

5  & 23.

6  37.  Defendants JOHN F. KENNEDY MEMORIAL HOSPITAL, Dr. SAMUEL

7  S. LEE, Chief Medical Officer J. MICHAEL LEE, Dr. S. MURAKONDA,

8  Supervising Registered Nurse III S. RODRIGUEZ, Supervising

9  Registered Nurse II N. HART,  violated plaintiff's Eighth and

10  Fourteenth Amendment rights to the U.S. Constitution by failing

11  to ensure that plaintiff receive adequate treatment and failed

12  to adequately supervise and train and put in place procedures

13  so that plaintiff would receive medically appropriate care as

14  described in paragraphs 1-32. Defendants Dr. SAMUEL S. LEE,

15  Chief Medical Officer J. MICHAEL LEE, Dr.  S. MURAKONDA,

16  Supervising Registered Nurse III S. RODRIGUEZ,  Supervising

17  Registered Nurse II N. HART,  acted under the color of state

18  law and knew or should have known that their conduct created

19  an unreasonable risk of harm to plaintiff  As a direct and

20  foreseeable result of their violations of constitutional

21  rights, plaintiff suffered unnecessary pain, headaches, loss

22  of sleep and emotional distress.  All defendants acts were

23  willful, intentional, wanton and in conscious disregard of

24  plaintiff's rights.  The constitutional deprivations described

25  herein are the proximate result of the official policies,

26  customs and pervasive practices of defendants.  Defendants have

27  been and are aware of all the deprivations complained herein

28  -13-

1    and have condoned or been deliberately indifferent to such

2    conduct.

3    38.   Defendants KALIAN, KURTZMAN, CAPP and ROSAS violated

4    plaintiff's Eighth and Fourteenth Amendment rights to the U.S.

5    Constitution to be protected from cruel and unusual punishment

6    as described in paragraphs 1 through 32.  Defendant's were

7    deliberately indifferent to plaintiff's medical needs and acted

8    under color of state law and knew or should have known that

9    their conduct or omission created an unreasonable risk of harm

10   to plaintiff.  As a direct and foreseeable result of

11   defendant's KALIAN, KURTZMAN, CAPP and ROSAS' violation of

12   plaintiff's constitutional rights, plaintiff suffered an

13   unnecessary second surgery to his scrotum that caused pain and

14   suffering, headaches, loss of sleep and emotional distress.

15   LEGARE IS ENTITLED TO AN AWARD OF COMPENSATION AND PUNITIVE

16   DAMAGES FOR INJURIES SUFFERED.

17                        SECOND CLAIM

18               Violation Of California State Torts

19               Claims Act For Medical Negligence

20   39.   Plaintiff realleges and incorporates by reference each

21   allegation of paragraphs 1 through 3229, inclusive, as if

22   alleged herein.

23   40.   Defendant K. KUNDA violated plaintiff's rights to be

24   treated with adequate medical care under the California State

25   Torts Act by "gatekeeping" at the facility medical clinic

26   preventing plaintiff access to medical care which caused, in

27   part, the penrose drain to infect plaintiff's scrotum resulting

28                            -14-

in pain and suffering as described in paragraphs 1 through 32
and an unnecessary second procedure to remove the penrose
drain.  Defendant KUNDA acted under color of state law and knew
or should have known that his conduct created an unreasonable
risk of harm to plaintiff.  As  a direct and foreseeable result
of KUNDA'a violations of plaintiff's constitutional rights,
plaintiff suffered pain,  headaches, loss of sleep, and
emotional distress.  Defendant's KUNDA's acts were willful,
intentional, wanton and in conscious disregard of plaintiff's
rights as described in paragraphs 21 & 23.

41.  Defendants JOHN F. KENNEDY MEMORIAL HOSPITAL, SAMUEL S.
LEE, Chief Medical Officer J. MICHAEL LEE, Dr. S. MURAKONDA,
Supervising Registered Nurse III S. RODRIGUEZ, Supervising
Registered Nurse II N. HART,  violated plaintiff's rights to
be treated with adequate medical care under the California
State Torts Act rights by failing to ensure that plaintiff
receive adequate treatment and failed to adequately supervise
and train and put in place procedures so that plaintiff would
receive medically appropriate care as described in paragraphs
1-32.  Defendants JOHN F. KENNEDY MEMORIAL HOSPITAL, Dr. SAMUEL
S. LEE, Chief Medical Officer J. MICHAEL LEE, Dr.  S.
MURAKONDA, Supervising Registered Nurse III S. RODRIGUEZ,
Supervising Registered Nurse II N. HART,  acted under the color
of state law and knew or should have known that their conduct
created an unreasonable risk of harm to plaintiff.  As a direct
and foreseeable result of their violations of constitutional
rights, plaintiff suffered unnecessary pain, headaches, loss

-15-

1  of sleep and emotional distress.  All defendants acts were

2  willful, intentional, wanton and in conscious disregard of

3  plaintiff's rights.  The constitutional deprivations described

4  herein are the proximate result of the official policies,

5  customs and pervasive practices of defendants.  Defendants have

6  been and are aware of all the deprivations complained herein

7  and have condoned or been deliberately indifferent to such

8  conduct.  LEGARE IS ENTITLED TO AN AWARD OF COMPENSATION AND

9  PUNITIVE DAMAGES FOR INJURIES SUFFERED.

10  42.  Defendants KALIAN, KURTZMAN, CAPP and ROSAS violated

11  plaintiff's violated plaintiff's rights to be treated with

12  adequate medical care under the California State Torts Act as

13  described in paragraphs 1 through 32.  Defendant's were

14  deliberately indifferent to plaintiff's medical needs and acted

15  under color of state law and knew or should have known that

16  their conduct or omissions created an unreasonable risk of harm

17  to plaintiff.  As a direct and foreseeable result of

18  defendant's KALIAN, KURTZMAN, CAPP and ROSAS violation of

19  plaintiff's constitutional rights, plaintiff suffered an

20  unnecessary second surgery to his scrotum that caused pain and

21  suffering, headaches, loss of sleep and emotional distress.

22

23                    PRAYER FOR RELIEF

24      Wherefore, Plaintiff JASON PAUL LEGARE, prays for the

25  following relief:

26      1. Declaratory relief;

27      2. Compensatory Damages according to proof;

28                        -16-


COURT PAPER
STATE OF CALIFORNIA

1    3. Punitive and Exemplary Damages according to proof;

2    4. Cost of Suit; and

3    5. Such further relief as the court deems proper.

4                    **DEMAND FOR TRIAL**

5        Plaintiff, JASON PAUL LEGARE hereby demands a trial by

6    jury.

7    Dated: 3·30·   2015

8

9                                    Jason Paul Legare

10       I declare under the penalty of perjury that the foregoing

11   is true and correct.

12       EXECUTED this 30TH day of MARCH   2015, at Blythe,

13   California.

14

15                                    Jason Paul Legare

16

17

18

19

20

21

22

23

24

25

26

27

28                          -17-

COURT PAPER
STATE OF CALIFORNIA



LEGAL MAIL

Jason Tigano
4-56058   B5-6-2⁴
Ironwood State Prison
P.O. Box 2349
Blythe  Ca  92226

LEGAL MAIL

Legal / Confidential

CLERK U.S. DISTRICT COURT
APR 27 2015
CENTRAL DISTRICT OF CALIFORNIA
BY                  DEPUTY

LEGAL MAIL

United States District Court
Central District of California
312 N. Spring St, Room G-8
Los Angeles   Ca  90012-4793

LEGAL MAIL



LEGAL MAIL

LEGAL MAIL

STATE PRISON