JASON LEGARE
FULL NAME

COMMITTED NAME (if different)

CHUCKAWALLA STATE PRISON
FULL ADDRESS INCLUDING NAME OF INSTITUTION

P.O. BOX 2349    BLYTHE CA 92226

H-56058
PRISON NUMBER (if applicable)

FILED
CLERK, U.S. DISTRICT COURT

MAR - 4 2016

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JASON LEGARE

PLAINTIFF,

v.

S. MURAKONDA, ET AL

DEFENDANT(S).

CASE NUMBER
ED CV 15-00833 JVS (AFM)
*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT
PURSUANT TO** *(Check one)*
☒ 42 U.S.C. § 1983   ~~SECOND~~ FIRST AMENDED COMPLAINT
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes ☒ No

2. If your answer to "1." is yes, how many?  N/A

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   N/A

a. Parties to this previous lawsuit:
   Plaintiff _____ N/A _____

   Defendants _____

b. Court _____ N/A _____

c. Docket or case number _____ N/A _____

d. Name of judge to whom case was assigned _____ N/A _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____ N/A _____

f. Issues raised: _____ N/A _____

g. Approximate date of filing lawsuit: _____ N/A _____

h. Approximate date of disposition _____ N/A _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint?  ☒ Yes   ☐ No

   If your answer is no, explain why not _____

3. Is the grievance procedure completed?  ☒ Yes   ☐ No

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff __JASON LEGARE__
                                                         (print plaintiff's name)
who presently resides at __CHUCKAWALLA STATE PRISON PO BOX 2349 BLYTHE CA 92226__,
                          (mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
__CHUCK. CHUCKAWALLA STATE PISON__
             (institution/city where violation occurred)

---

CV-66 (7/97)            **CIVIL RIGHTS COMPLAINT**

Page 2 of 6

on (date or dates) __9-11-15__ , _____ , _____ .
                      (Claim I)          (Claim II)         (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant __S..MURAKONDA__ resides or works at
   (full name of first defendant)
   __19025 WILEY'S WELL ROAD -BLYTHE CA 92226__
   (full address of first defendant)
   __DOCTOR__
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual ☐ official capacity.

   Explain how this defendant was acting under color of law:
   __SHE IS THE DOCTOR WORKING FOR THE STATE OF CALIFORNIA CORRECTIONS__

2. Defendant __M. KALIAN__ resides or works at
   (full name of first defendant)
   __19025 WILEY'S WELL ROAD, BLYTHE CA92226__
   (full address of first defendant)
   __REGISTERED NURSE__
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual ☐ official capacity.

   Explain how this defendant was acting under color of law:
   __SHE IS A REGISTERED NURSE FOR THE STATE OF CALIFORNIA CORRECTIONS__

3. Defendant __Y. SOTO__ resides or works at
   (full name of first defendant)
   __19025 WILEY'S WELL ROAD, BLYTHECA 92226__
   (full address of first defendant)
   __NURSE__
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual ☐ official capacity.

   Explain how this defendant was acting under color of law:
   __SHE IS A NURSE WORKING FOR THE STATE OF CALIFORNNIA CORRECTIONS__

4. Defendant  D. KNAPP
   (full name of first defendant) _____ resides or works at
   19025 WILEYS'S WELLROAD, BLTYTHE CA 92226
   (full address of first defendant)
   NURSE
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both):  ☒ individual  ☐ official capacity.

   Explain how this defendant was acting under color of law:
   SHE IS A NURSE WORKING FORTHE STATE OF CALIFORNIA CORRECTIONS

5. Defendant _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both):  ☐ individual  ☐ official capacity.

   Explain how this defendant was acting under color of law:

D. **CLAIMS\***

**CLAIM I**

The following civil right has been violated:
THE CRUEL AND UNUSUAL PUNISHMENT CLAUSE OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION - DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS   SEE ATTACHED COMPLAINT  pages 8-9.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.
THE FACTS ARE LENGTHY AND ARE DESCRIBED IN THE ATTACHED COMPLAINT.  See pages 3 through 7 of the attached complaint.

\*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

CV-66 (7/97)       CIVIL RIGHTS COMPLAINT

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

DECLARATORY RELIEF; COMPENSATORY DAMAGES ACCORDING TOPROOF;COST OF SUIT; SUCH FURTHER RELIEF AS THE COURT DEEMS PROPER.

3-1-16
(Date)

*[Signature]*
(Signature of Plaintiff)

```
JASON PAUL LEGARE
H-56058   B5-18-5L
CHUCKAWALLA STATE PRISON
P.O. BOX 2349
BLYTHE, CALIFORNIA 92226


In Pro-Se
```

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON PAUL LEGARE,<br><br>    Plaintiff,<br><br>vs.<br><br>S. MURAKONDA, M.D.,<br>M. KALIAN, Registered Nurse, Y. SOTO, Registered Nurse,<br>D. KNAPP, LVN,<br>    Defendants, | CASE NO. ED CV 15-00833 JVS (AFM)<br><br>FIRST ~~SECOND~~ AMENDED CIVIL RIGHTS COMPLAINT<br><br>42 U.S.C. §1983<br><br>**DEMAND FOR TRIAL** |

I.  **NATURE OF ACTION**

1.  This is a civil rights action authorized by 42 U.S.C. §1983 filed by Plaintiff JASON PAUL LEGARE, a state prisoner to redress the deprivation under the color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. 1331 & 1343 (a)(3).

-1-

Plaintiff alleges a violation of his constitutional rights to receive proper medical care. Plaintiff seeks money damages and declaratory relief pursuant to 28 U.S.C. §§2210 and 2202.

2. The Central District of California is an appropriate venue under §1391 (b)(2), because the events giving rise to plaintiff's claims occurred in Riverside County in the State of California.

II.

Plaintiff

3. Plaintiff, JASON PAUL LEGARE, is and was at all times mentioned herein a prisoner of the State of California in the custody of the California Department of Corrections & Rehabilitation (CCDR). Plaintiff is currently confined in Chuckawalla State Prison (CVSP) in Blythe, California.

III.

Defendants

4. Defendant Dr. S. MURAKONDA is and at all times relevant to this action is a Doctor at CVSP and is responsible and has a duty to adequately provide medical care for prisoners at CVSP where the events giving rise to this action occurred. At all times mentioned defendant S. MURAKONDA was acting under the color of state law in the course and scope of her employment and is sued in her individual capacity.

5. Defendant Registered Nurse M. KALIAN, is and at all times relevant to this action a registered nurse at CVSP where the events giving rise to this action occurred. Defendant M. KALIAN is responsible and has the duty to provide adequate medical care

-2-

for prisoners at CVSP. At all times mentioned defendant KALIAN was acting under the color of state law in the course and scope of her employment and is sued in her individual capacity.

6. Defendant Registered Nurse Y. SOTO, is and at all times relevant to this action a registered nursed at CVSP where the events giving rise to this action occurred. Defendant Y. SOTO has the duty to provide adequate medical care for prisoners at CVSP. At all times mentioned defendant SOTO was acting under the color of state law in the course and scope of her employment and is sued in her individual capacity.

7. Defendant Licensed Vocational Nurse R. KNAPP is and at all times relevant to this action a Licensed Vocational Nurse at CVSP where the eventsgiving rise to this action occurred. Defendant KNAPP is responsible and has the duty to provide adequate medical care for prisoners at CVSP. At all times mentioned defendant KNAPP was acting under the color of state law in the course and scope of her employment and is sued in her individual capacity.

IV.

FACTS

8. Plaintiff, JASON LEGARE, is a prisoner at the CVSP who arrived on July 15, 2014, from Richard J. Donovan State Prison. Plaintiff suffered from acute left hydrocele. (Grossley enlarged left testicle.) This symptom was likely due to complications from a surgery plaintiff underwent for a left varicocele repair and epididymal cyst surgery in 2007.

9. On September 10, 2014, plaintiff underwent a left hydroceletomy with scrotal exploration at John F. Kennedy Memorial Hospital at Sondona Surgery Center. The procedure was performed without a glitch by Doctor SAMUEL S. LEE, M.D.. An eight (8) inch plus penrose drain was stitched in place to the scrotum for drainage. Dr. LEE forwarded post-op instructions to medical staff at CVSP for the removal of the penrose drain for the following day.

10. Immediately upon arriving back to the institution, plaintiff found the surgical area was blood soaked. Plaintiff reported to the facility clinic and informed defendant R.N. Y. SOTO that he was bleeding excessively in the surgical area and requested a dressing change. Defendant SOTO refused to change the dressing or even supply plaintiff with gauze. Plaintiff found it very difficult to walk in his condition but was refused a wheelchair and was forced to walk in his condition.

11. The following morning at approximately 0730 hours on September 11, 2014, plaintiff reported to the facility clinic and informed defendants KNAPP and KALIAN that he was experiencing excessive bleeding and that the post-op instructions was for the penrose drain to be removed on that date. Both defendants KNAPP and KALIAN refused to examine plaintiff but provided a small amount of gauze and told to go back to his bed and wait after making comments such as, "I'm not touching them" among other things.

12. The same day at 1030 A.M. the bleeding had soaked through the gauze, scrotal support and plaintiff's boxers. Plaintiff

-4-

notified custody staff who immediately sent plaintiff to the facility clinic. Plaintiff was examined by defendants KALIAN and MURAKONDA in the surgical area and was told that the penrose train was not intact. Plaintiff disagreed and stated he could feel it and must be there and requested they remove it. Defendants MURAKONDA and KALIAN were adamant it was not there, refused to change the dressing, and handed plaintiff some gauze and sent him away. Plaintiff was forced again to try and clean the surgical area without anti-bacterial soap and change the dressing himself without the ability to see the area.

13. The following day, on September 12, 2014, a lump began developing with pain. Plaintiff reported to the facility clinic to complain of the development and was refused entry to talk to any medical staff by correctional officer K. KUNDA by stating, "they were busy, deal with it yourself."

14. On September 15, 2014, the pain became acute and plaintiff again reported to the facility clinic and was seen by defendants MURAKONDA and KNAPP and plaintiff reported acute pain and lump in surgical area. Defendants MURAKONDA and KNAPP refused to examine plaintiff and was sent away.

15. On September 17, 2014, plaintiff was still suffering from acute pain in the surgical area and reported to the facility clinic and was refused an examination by defendant KNAPP.

16. Plaintiff placed a Medical request form (CDCR 7362) in the medical box in front of the facility clinic on September 21, 2014. Plaintiff is now suffering acute pain in surgical area where by now certainly is infected. Plaintiff suffered

-5-

1  headaches, lack of sleep, and emotional distress.
2  17. On September 24, 2014, plaintiff was finally examined by
3  defendants MURAKONDA and D. KNAPP and again was told, "it's all
4  normal." Plaintiff informed defendant MURAKONDA and KNAPP of
5  the "lump and pain" and "probable infection" but again was told
6  to leave the clinic area.
7  18. Plaintiff continues to suffer from pain in the surgical
8  area, headaches, lack of sleep, and emotional distress. Finally,
9  on October 9, 2014 plaintiff was seen by SAMUEL LEE by
10 "telemeds" where plaintiff explained of his experience and an
11 ultrasound was ordered.
12 19. On October 15, 2014, plaintiff reported to the facility
13 clinic and was seen by defendant MURAKONDA and again pointed
14 out the obvious lump and infection in the surgical area and
15 complained of acute pain. Defendant MURAKONDA refused to
16 examine the scrotum.
17 20. On October 17, 2014, the results of the ultrasound on
18 plaintiff's scrotum was completed and the penrose drain was
19 clearly visible through the skin. A protective skin had grown
20 around the drain because of the excessive time lapse. As a
21 result, another surgery had to be performed to remove the drain
22 which necessitated the cutting of plaintiff's scrotum.
23 21. As a result of the deleberate indifference of defendants
24 and all defendants in refusing to properly treat plaintiff with
25 adequate medical care, plaintiff suffered an infection in his
26 scrotum, pain and suffering, headaches, loss of sleep and
27 emotional distress. Plaintiff had to endure an additional
28

surgery to remove the penrose drain causing additional pain and suffering.

22. On October 30, 2014, surgery was performed by SAMUEL LEE removing an eight to ten (8-10") inch penrose from plaintiff's scrotum. Dr. LEE stated, he has done thousands of these procedures and never has seen this and that "after care should not have to be spelled out." As a result of the second surgery, plaintiff suffered more swelling of the scrotum causing pain, headaches, loss of sleep, and emotional distress. Plaintiff was again refused a wheelchair and was forced to walk with an extremely swollen scrotum for several days post operation.

23. There was an inexcusable practice of deliberate indifference by defendants' SOTO, MURAKONDA, KNAPP, and KALIAN, by improperly refusing to treat plaintiff with post-op dressing changes and ignoring plaintiff's complaints of pain and insistence that the penrose drain was still intact. The deliberate indifference of defendants caused an infection of the scrotum and a protective skin to grow around the penrose drain due to the extensive amount of time it took from the initial surgery to the ultrasound and ultimately to the second surgery.

24. Plaintiff exhausted his administrative remedies by obtaining a decision at the third level decision and was diligent in filing this complaint thereafter.

/
/
/
/

## FIRST CLAIM FOR RELIEF

(§1983)

Violation Of Prisoner's Eighth Amendment For Deliberate Indifference To His Serious Medical Needs

25. Plaintiff realleges and incorporates by reference each allegation of paragraphs 1 through 23, inclusive, as if alleged herein.

All defendants acts were willful, intentional, wanton and in conscious disregard of plaintiff's rights. The constitutional deprivations described herein are the proximate result of the official policies, customs and pervasive practices of defendants. Defendants have been and are aware of all the deprivations complained herein and have condoned or been deliberately indifferent to such conduct.

26. Defendants MURAKONDA, KALIAN, SOTO and KNAPP violated plaintiff's Eighth Amendment right to the U.S. Constitution to be protected from cruel and unusual punishment as described in paragraphs 1 through 23. Defendant's were deliberately indifferent to plaintiff's medical needs and acted under color of state law and knew or should have known that their conduct or omission created an unreasonable risk of harm to plaintiff. As a direct and foreseeable result of defendant's KALIAN, MURAKONDA, KNAPP, and SOTO's violation of plaintiff's constitutional rights, plaintiff suffered an unnecessary second surgery to his scrotum that caused pain and suffering, headaches, loss of sleep and emotional distress. LEGARE IS

-8-

ENTITLED TO AN AWARD OF COMPENSATION AND PUNITIVE DAMAGES FOR INJURIES SUFFERED.

### PRAYER FOR RELIEF

Wherefore, Plaintiff JASON PAUL LEGARE, prays for the following relief:

1. Declaratory relief;
2. Compensatory Damages according to proof;
3. Cost of Suit; and
4. Such further relief as the court deems proper.

### DEMAND FOR TRIAL

Plaintiff, JASON PAUL LEGARE hereby demands a trial by jury.

Dated: March 1, 2016

*[signature]*
Jason Paul Legare

I declare under the penalty of perjury that the foregoing is true and correct.

EXECUTED this 1st day of March 2016, at Blythe, California.

*[signature]*
Jason Paul Legare

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Jason Paul Legare

      Plaintiff,

v.

Case Number: ED CV 15-00833 JVS(AFM)

S. Murakonda, et al

      Defendants

PROOF OF SERVICE

/

I hereby certify that on March 1, 2016, I served a copy of the attached FIRST AMENDED COMPLAINT §1983, by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at

Blythe Ca 92226.

(List Name and Address of Each Defendant or Attorney Served)

DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
300 S. SPRING ST, STE 1702
LOS ANGELES CA 90013

I declare under penalty of perjury that the foregoing is true and correct.

_____
ALFRED LOMBARDELLI
(Signature of Person Completing Service)

JASON LEGARE H-56058
CUSP. B5-18-5L
P.O. BOX 2349
BLYTHE, CA. 92226

AFM
LEGAL MAIL

U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
312 N. SPRING ST #G8
LOS ANGELES, CA. 90012.

* CONFIDENTIAL LEGAL MAIL *

RECEIVED
CLERK, U.S. DISTRICT COURT

MAR - 4 2016

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY




LEGAL MAIL

CHUCKAWALLA VALLEY
STATE PRISON

U.S. POSTAGE >>> PITNEY BOWES
000.00°
17 MAR 02 2016